# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Willie T. Smith,

     Plaintiff

v.

J. Nash, et al.,

     Defendant

Case No.: 2:19-cv-01983-JAD-VCF

**Screening Order
(Complaint)**

[ECF No. 1-1]

Plaintiff Willie T. Smith brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First and Eighth Amendment rights were violated when he was at High Desert State Prison ("HDSP").  Because Smith applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A.  I find that he has not pled any colorable claims but grant him leave to amend by November 27, 2020.

## I.    Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This

---

[1] ECF No. 1.

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

## II.     Screening Smith's complaint

In the complaint, Smith sues defendants Associate Warden J. Nash, Doe director of nursing, and Doe medical provider for events that took place while Smith was incarcerated at HDSP.[11]  Smith brings two claims and seeks monetary damages.[12]

The complaint contains the following allegations: On September 28, 2018, Smith requested medical care for a spinal cord injury that was "very painful."[13]  On October 19, 2018, Smith submitted a second medical request concerning his spinal injury.[14]  On November 15, 2018, Smith submitted a grievance against the HDSP medical department.[15]  On January 24, 2019, Nash rejected Smith's grievance request for medical care under the false pretext that Smith had made no such medical request.[16]  Smith asserts that defendants denied him medical care out of retaliation for past grievances and a lawsuit against prison officials.[17]

Smith lost the range of motion in his neck.[18]  If Smith rotates his neck without care, the broken bones grind like gravel, his spine locks up, and shock waves go through his body.[19]  It has been more than a year and Smith suffers chronic and severe pain.[20]  Smith alleges claims for

---

[11] ECF No. 1-1 at 1-2.

[12] *Id.* at 6, 10.

[13] *Id.* at 4.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 5.

[19] *Id.*

[20] *Id.*

Eighth Amendment deliberate indifference to serious medical needs (claim 1) and First Amendment retaliation (claim 2).[21]

A.     **Deliberate Indifference to Serious Medical Needs**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[22] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[23] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[24]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[25]  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[26] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[27] When a prisoner alleges that delay of

---

[21] *Id.* at 4, 6.

[22] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[23] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[24] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[25] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[26] *Id.*

[27] *Id.* (internal quotations omitted).

1  medical treatment evinces deliberate indifference, the prisoner must show that the delay led to

2  further injury.[28]

3        I find that Smith fails to allege a colorable claim for deliberate indifference to serious

4  medical needs at this time but grant him leave to amend.  If Smith chooses to amend his

5  complaint, I direct Smith to include allegations about how and when he obtained his spinal cord

6  injury, whether a medical person diagnosed him with a spinal cord injury, whether medical

7  responded in any way to his September 28, 2018 and October 19, 2018 medical kites, and

8  describe what he wrote in his medical kites.  Based on his current allegations, it is unclear to me

9  whether the medical staff ever received Smith's kites because Smith does not allege how medical

10  responded to his kites.  Accordingly, I find that Smith has not demonstrated that prison officials

11  purposefully failed to respond to his medical needs.

12      **B.**    **Retaliation**

13        Prisoners have a First Amendment right to file prison grievances and to pursue civil

14  rights litigation in the courts.[29]  "Without those bedrock constitutional guarantees, inmates would

15  be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory

16  actions taken against a prisoner for having exercised those rights necessarily undermine those

17  protections, such actions violate the Constitution quite apart from any underlying misconduct

18  they are designed to shield."[30]  To state a viable First Amendment retaliation claim in the prison

19  context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action

20

21  _____

[28] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)

22  (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate
medical indifference").

23  [29] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004).

    [30] *Id*.

against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[31]  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[32]

I find that Smith fails to allege a colorable retaliation claim but grant him leave to amend. Smith has not sufficiently demonstrated that the failure to receive medical care for his spinal cord injuries was because of Smith's past grievances and lawsuit.  If Smith intends to demonstrate that he failed to receive medical care because of some former grievances and lawsuit, Smith has to identify who he filed grievances against, when he filed those grievances, explain why Doe medical defendants and Nash would engage in adverse actions against him because of those grievances, and explain why Smith thinks that the current issues are because of his past grievances and lawsuit.  Smith cannot establish a retaliation claim by simply alleging that he filed a grievance or lawsuit during some unspecified time in prison and that any negative action by prison officials is a result of those grievances or lawsuit.  Instead, Smith must demonstrate that prison officials took the specified adverse actions because of those specific grievances or lawsuit.

**III.    Leave to amend**

I grant Smith leave to amend his retaliation and deliberate indifference to serious medical needs claims.  If Smith chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be

---

[31] *Id*. at 567–68.

[32] *Id*. at 568–69.

complete in itself.[33]  He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint."  Smith must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights.  **He must file the amended complaint by November 27, 2020.**

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 1) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that **the complaint is DISMISSED without prejudice and with leave to amend by November 27, 2020.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Smith the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Smith chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  The amended complaint will be screened in a separate screening order, and **the screening process will take <u>many months</u>.  If Smith does not file an**

---

[33] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

7

**amended complaint, by November 27, 2020, I will dismiss this action without prejudice for**

**failure to state a claim.**

Dated: October 28, 2020

_____

U.S. District Judge