# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Willie T. Smith,<br><br>　　　　Plaintiff<br><br>v.<br><br>J. Nash, et al.,<br><br>　　　　Defendants | Case No.: 2:19-cv-01983-JAD-VCF<br><br>**Order Screening Amended Complaint and Denying Motion for Clarification**<br><br>[ECF No. 12] |

　　Plaintiff Willie Smith brings this amended civil-rights action under 42 U.S.C. § 1983, claiming that Warden B. Williams and Associate Warden J. Nash, as well as an unnamed nursing director, violated his Eighth and Fourteenth Amendment rights while he was incarcerated at High Desert State Prison ("HDSP"). Because Smith applies to proceed in forma pauperis,[1] I screen his amended complaint under 28 U.S.C. § 1915A. I find that Smith has adequately pled an Eighth Amendment claim for deliberate indifference to his serious medical needs against Nash and permit that claim to proceed to mediation. But I find that Smith has failed to plead a plausible deliberate-indifference claim against Williams and the nursing director, or a Fourteenth Amendment claim against any of the defendants, so I dismiss those claims without prejudice. I also deny as moot his motion for clarification and will address his pending motions for a preliminary injunction and a temporary restraining order in a separate order.

## Background[2]

　　Smith suffers from chronic pain and sciatica, walks with a cane, and has a limited range of motion—maladies that stem from a beating, repeated collapses in prison, and pre-existing

---

[1] ECF No. 1.

[2] This is merely a summary of Smith's allegations alleged in the amended complaint and should not be construed as findings of fact.

conditions.[3] Smith has regularly sought medical attention at HDSP, submitting multiple requests for care, only to have those requests repeatedly denied.[4] His symptoms have worsened with time.[5] In November 2018, after continuing to be neglected by medical staff, Smith filed a grievance with the nursing director, which was ignored because he'd allegedly failed to include a remedy request.[6] So Smith sues Williams, Nash, and the director of nursing for violating his Fourteenth and Eighth Amendment rights, seeking both declaratory and injunctive relief.[7]

## Discussion

### I.  Screening standard

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[8] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[9] All or part of the complaint may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who

---

[3] ECF No. 11 at 5–6, 8.
[4] *Id.* at 5.
[5] *Id.*
[6] *Id.* at 13.
[7] *Id.* at 13, 18–19.
[8] *See* 28 U.S.C. § 1915A(a).
[9] *See id.* at § 1915A(b)(1)(2).

are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[10]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[11] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[12] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[13] but a plaintiff must provide more than mere labels and conclusions.[14] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[15] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[16]

## II.  Eighth Amendment deliberate-indifference claims

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[17] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual

---

[10] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[11] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[12] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[13] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[16] *Id*.

[17] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

punishment—and a subjective standard—deliberate indifference."[18] The first prong requires "the plaintiff [to] show a serious medical need," and that the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[19] To satisfy the second prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[20] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[21] When a prisoner alleges that the delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury.[22]

I find that Smith states a colorable claim for deliberate indifference to serious medical needs against Nash but not Williams or the nursing director. Smith satisfies the deliberate-indifference standard's first prong because he alleges that he injured his spine during a fall and now has severe, chronic pain in his neck, back, and legs. And he satisfies the second prong against Nash because—like the medical professionals in *Jett v. Penner* (against whom a deliberate-indifference claim proceeded)—Nash was informed of Smith's objectively grievous injury, yet delayed his treatment and ignored his requests, causing further pain and suffering.[23]

---

[18] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[19] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[20] *Id.*

[21] *Id.* (internal quotations omitted).

[22] *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[23] *See Jett*, 439 F.3d at 1098 (holding that a supervisor who is informed of an alleged constitutional violation, *e.g.*, pursuant to reviewing an inmate's administrative grievance, may be liable if he failed to remedy it).

But unlike the *Jett* professionals, Williams does not appear to have had any actual knowledge of Smith's medical problems.[24] And Smith fails to allege that the anonymous nursing director was informed of anything other than Smith's beating, and thus may not have known that Smith's injuries required treatment. So this claim will proceed solely against Defendant Nash, and I dismiss without prejudice this claim against Williams and the nursing director.

### III.   Equal Protection

To state an equal-protection claim under the Fourteenth Amendment, a plaintiff must allege facts demonstrating that the defendants intended to discriminate against him based upon his membership in a protected class, or that the defendants purposefully treated him differently than similarly situated individuals without any rational basis for that disparate treatment.[25] Smith fails to meet that bar. While Smith concludes, without supporting factual allegations, that he was treated differently from other similarly situated persons, he has not explained that he belongs to any protected class.[26] So I dismiss this claim without prejudice.

### IV.   Motion for Clarification [ECF No. 12]

Smith has requested clarification as to whether I have set a hearing date for his injunctive-relief request.[27] I deny the motion for clarification as moot and note that <u>no hearing</u>

---

[24] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("[A] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983.").

[25] *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

[26] *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (holding that, in an equal protection claim, "[t]he groups must be comprised of similarly situated persons so that the factor motivating the alleged discrimination can be identified" but noting that "[a]n equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff").

[27] ECF No. 12.

has been set in this case and the court will issue an order regarding the injunctive-relief request in due course.

## Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court is directed to **FILE** the first amended complaint **[ECF No. 11].**

IT IS FURTHER ORDERED that:

- The equal-protection claim is DISMISSED without prejudice;
- The claim for deliberate indifference to serious medical needs MAY PROCEED against Defendant Nash alone; and
- Defendant Williams is DISMISSED without prejudice from the case.

**So this case proceeds on a single deliberate-indifference-to-serious-medical-needs claim against Defendant Nash only.**

IT IS FURTHER ORDERED that the motion for clarification **[ECF No. 12]** is **DENIED** as moot.

Given the nature of the claim that the court has permitted to proceed, IT IS FURTHER ORDERED that **this action is STAYED for 90 days** to allow Smith and the defendant an opportunity to settle their dispute before the $350.00 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period, no other pleadings or papers may be filed in this case unless ordered by the court, and the parties may not engage in any discovery. **I refer this case to the court's Inmate Early Mediation Program** and will enter a subsequent order. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General must file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the stay. If the parties

proceed with this action, the court will then issue an order setting a date for defendants to file an answer or other response. Following the filing of an answer, the court will issue a scheduling order setting discovery and dispositive motion deadlines.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Smith's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**If the case does not settle, Smith will be required to pay the full $350.00 filing fee.** This fee cannot be waived. I defer my decision on the application to proceed in forma pauperis [ECF No. 1] until after the mediation process. If Smith is allowed to proceed in forma pauperis, he will be permitted to pay the fee in installments from his prison trust account; if not, the full filing fee will be due immediately.

If any party desires to have this case excluded from the inmate mediation program, that party must file a "motion to exclude case from mediation" within 21 days of this order. The responding party will have seven days to file a response, and no reply may be filed. Thereafter, the court will issue an order, set the matter for hearing, or both.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to electronically SERVE** a copy of this order, and a copy of plaintiff's first amended complaint (ECF No. 11) on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. Service in this way does not indicate acceptance of service.

IT IS FURTHER ORDERED that **the Attorney General's Office must advise the court within 21 days of this order whether it will enter a limited notice of appearance on behalf of**

**defendant** for the purpose of settlement.  The filing of the limited notice of appearance will not constitute waiver of any defense or objection.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: April 13, 2021

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Willie T. Smith, | Case No.: 2:19-cv-01983-JAD-VCF |
| Plaintiff | |
| v. | **Attorney General's Report of Results of 90-Day Stay** |
| J. Nash, et al., | |
| Defendants | |

**NOTE: This form must be filed only by the Office of the Attorney General. The inmate plaintiff MUST NOT file this form.**

On April 13, 2021, the Court issued its screening order stating that it had conducted its screening under 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. The Court ordered the Office of the Attorney General of the State of Nevada to file a report 90 days after the date of the entry of the Court's screening order to indicate the status of the case at the end of the 90-day stay. By filing this form, the Office of the Attorney General hereby complies with that order.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.** [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_  A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_  A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

1

|   |   |
|---|---|
| 1 | _____ No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*) |

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

_____ No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

_____ None of the above five statements describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

_____ The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

_____ The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

_____ None of the above three statements fully describes the status of this case.  Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Submitted this _____ day of _____, _____ by:

Signature: _____

Name: _____

Phone #: _____

Email: _____