# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Willie T. Smith,<br><br>       Plaintiff<br><br>v.<br><br>Jennifer Nash,<br><br>       Defendant | Case No.: 2:19-cv-01983-JAD-VCF<br><br>**Order Denying Motions for Injunctive Relief and Summary Judgment and Adopting Magistrate Judge's Report and Recommendation**<br><br>[ECF Nos. 13, 14, 34, 41, 75, 78, 79] |

Nevada inmate and pro se plaintiff Willie Smith sues High Desert State Prison (HDSP) Associate Warden Jennifer Nash for deliberate indifference to his medical needs. Smith alleges that Nash has prevented him from receiving medical care for spine and nerve pain. He moves for a preliminary injunction directing that he receive a magnetic-resonance-imaging (MRI) scan of his spine and an examination by a neurologist, along with any other treatment a neurologist deems appropriate. The magistrate judge recommends that I deny Smith's request because no objective medical evidence supports that he has nerve damage or any other spinal condition. Smith also moves for summary judgment, to consolidate several motions, and to "invoke further jurisdiction."

Because Smith hasn't shown a likelihood of success on the merits of his deliberate-indifference claim, I adopt the magistrate judge's report and recommendation and deny Smith's motion for injunctive relief. And because there exist genuine disputes of material fact, I deny Smith's motion for summary judgment. I also deny as moot his motion to consolidate because I address within this order all of the motions he seeks to consolidate. Lastly, I deny his motion to invoke further jurisdiction because 42 U.S.C. § 1983 is sufficient to confer jurisdiction on this court, and Smith need not rely on additional jurisdictional bases.

**Discussion**

**I.  Smith has not demonstrated a likelihood of success on the merits of his deliberate-indifference claim, so he is not entitled to injunctive relief.**

Smith moves for injunctive relief[1] "to stop defendants from continuing violations of [his] rights" and appears to seek an order requiring Nash to provide Smith with access to an MRI scan and a "full examination" and treatment by a neurologist.[2] Smith acknowledges that injunctive relief is an extraordinary remedy and contends that an injunction is warranted because all of the applicable factors weigh in his favor.[3] Nash responds that "the medical evidence does not support [Smith's] request" because he has already received x-rays and a computerized-tomography (CT) scan, which "confirmed [Smith] does not suffer from spine or nerve issues."[4]

**A.  The magistrate judge's R&R and Smith's objection [ECF Nos. 75, 79]**

Magistrate Judge Ferenbach conducted a hearing on Smith's injunctive-relief request and recommends that I deny the motion because the objective medical evidence doesn't support that Smith has nerve damage or any spinal condition.[5] Smith objects to that report and recommendation (R&R) because "it is based on a record that is incapable of revealing the full

---

[1] Smith filed a single motion titled "Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order." Under Local Rule IC 2-2(b), it was docketed as two separate entries: ECF No. 13 (preliminary injunction) and ECF No. 14 (temporary restraining order). So, as Nash points out, they are identical. ECF No. 26 at 2. Because the same reasoning applies to the analysis of Smith's requests, I discuss them together as "injunctive relief" and cite only to ECF No. 13, rather than 13 and 14. Similarly, I cite only to ECF No. 26 when referring to Nash's response to the motion for injunctive relief, rather than to 26 and 30—which are identical.

[2] ECF No. 11 at 6, 8; ECF No. 13; ECF No. 14; ECF No. 52 (magistrate-judge hearing during which Smith stated that he seeks injunctive relief ordering that he be treated by a neurologist).

[3] ECF No. 13 at 2.

[4] ECF No. 26 at 1–3.

[5] ECF No. 75 at 7–8.

facts it alleged."[6] He classifies the medical records as "fraudulent," contending that the qualifications of the individuals performing the x-rays and CT scan have not been proven and that it hasn't been established whether the x-rays could even show a spinal injury.[7] Nash responds that the medical records do reflect the medical professionals' qualifications and that Smith "did not raise these objections/contentions at the hearing conducted in this matter," so I shouldn't consider them.[8]

Because a district judge need only review a magistrate judge's R&R to the extent an objection is raised,[9] I consider Smith's limited objection de novo. Smith's objection does not cite to the parts of the R&R that he objects to.[10] He broadly refers to the individuals who conducted his medical examinations as "plum[b]er[s] or maintenance-m[e]n" and alleges that it hasn't been shown that they "were medically qualified to perform such an evaluation."[11] Dawn Jones, a correctional nurse at Ely State Prison states in her sworn declaration that "Smith has received numerous appointments between September 2018 and July 2021 . . . for several complaints, including: arthritis, dental pain, constipation, knee/back pain" and that "[d]espite these appointments and x-rays, no medical doctor has recommended [that Smith] receive an MRI or other follow-up care for the alleged spine issue."[12] Jones also attests that she has "reviewed

---

[6] ECF No. 79 at 1–2.

[7] *Id.*; ECF No. 52; ECF No. 75 at 6–7.

[8] ECF No. 82 at 3.

[9] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[10] *See* ECF No. 79.

[11] *Id.* at 2.

[12] ECF No. 49-1 at ¶¶ 4, 7–8.

3

Inmate Smith's medical records[,] and a true and accurate copy of a portion of the records [is] attached."[13]

Nothing in the record—or in Smith's briefing—supports the conclusion that the medical records are fraudulent, as Smith urges. The records reflect the names of the medical-care providers who conducted each examination or test,[14] and the magistrate judge's conclusion is correct that the objective medical evidence as presented in the record does not support that Smith suffers from nerve or spine damage. Having reviewed the record, the magistrate judge found that no objective medical evidence in it supports that Smith has nerve damage or any other spinal condition.[15] I reach the same conclusion. So I adopt the magistrate judge's R&R in full and overrule Smith's objection to it.

### B. Smith's motions for injunctive relief [ECF Nos. 13, 14]

Even if I were to look beyond Smith's objection and consider Smith's entire request de novo, I would reach the same conclusion. The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[16] Both remedies are "extraordinary" ones "never awarded as of right."[17] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that

---

[13] *Id.* at ¶ 9.

[14] *See, e.g.*, ECF No. 28-1 at 6, 7, 9, 11–15.

[15] ECF No. 75 at 7–8.

[16] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[17] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

an injunction is in the public interest."[18]  "Likelihood of success on the merits is the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need not consider the other factors . . . in the absence of serious questions going to the merits."[19]

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."[20]  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[21]  The Ninth Circuit uses a two-part test for deliberate-indifference claims and requires a plaintiff to "satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[22]  For the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain."[23]  For the second prong, he must show "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[24]

Smith's demonstration of the merits of his deliberate-indifference claim fails at the first prong because he hasn't shown a serious medical need.  "Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find

---

[18] *Id.* at 20.
[19] *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up).
[20] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (cleaned up).
[21] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).
[22] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).
[23] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted).
[24] *Id.*

important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[25]  The record reflects that Smith first began complaining of back pain on September 28, 2018, when he submitted a medical kite seeking care for an injury to his spine.[26]  Several weeks later, on October 19, 2018, Smith submitted another kite, stating "[t]his is my second request: I have suffered another injury to my spine and I need to be seen about it.  Last request (9-28-18) . . . . No reply has been made to me."[27]  A month later, Smith submitted a grievance for denial of medical care and was then told that he would be notified on the day of his appointment.[28]  Nash rejected Smith's grievance on December 18, 2018, because "no remedy [was] requested."[29]

Despite that rejection, Smith still received medical care.  Smith contends that he "has not been seen by medical for his spinal condition" and that Nash has "left him in pain, without a diagnosis, or any medical attention at all."[30]  But the objective medical evidence shows otherwise.  His medical records show that he has been examined by medical professionals on several occasions and has received multiple x-rays and a CT scan.[31]  On September 25, 2019, Smith's spine and knee were x-rayed.[32]  The next week, he was seen by Dr. Leon Jackson, who conducted an examination of Smith's cervical spine and found that Smith's "[a]lignment is

---

[25] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (cleaned up).

[26] ECF No. 11 at 25.  This kite isn't part of the record.

[27] *Id.*

[28] *Id.* at 5, 23.

[29] *Id.* at 22.

[30] ECF No. 13 at 3.

[31] ECF No. 28-1 at 1–18 (sealed medical records); ECF No. 49-1 at ¶¶ 7–8 (declaration of correctional nurse Dawn Jones).

[32] ECF No. 28-1 at 5.

within normal limits with no fracture or subluxation. There do not appear to be significant degenerative changes."[33] On March 21, 2020, Smith's lumbar spine and shoulder were x-rayed, resulting in the same findings as the October 2019 visit.[34] The medical records also show that Smith was admitted to a hospital on May 18, 2021, released, and then re-admitted the next day.[35] While at the hospital, Smith received a head CT scan because of injuries to his face.[36]

Despite those examinations and tests, no doctor has diagnosed Smith with nerve damage or any spinal condition, nor has any doctor recommended that Smith get an MRI.[37] While Smith expresses that "he is in e[x]crutiating pain daily"[38] and that he suffers from "sciatic nerve pain in both of his legs as well as back pain,"[39] the objective medical evidence doesn't support that he has a nerve or spinal injury. Several doctors have conducted various diagnostic scans on Smith and have not commented on any spine conditions. So Smith hasn't demonstrated the serious medical need necessary to show a likelihood of success on the merits of his deliberate-indifference claim. Even if the record established a serious medical need, Nash has demonstrated that she adequately responded to Smith's needs by providing him medical treatment both in the prison and at a hospital. Because the record does not support a likelihood of success on the merits of his claim, he isn't entitled to injunctive relief.

---

[33] *Id.*
[34] *Id.* at 7.
[35] *Id.* at 11, 16.
[36] *Id.* at 14–15.
[37] ECF No. 49-1 at 8.
[38] ECF No. 13 at 5.
[39] ECF No. 11 at 6.

## II. Genuine issues of material fact preclude summary judgment on Smith's claim.

Smith seeks summary judgment on his deliberate-indifference claim. Nash responds that Smith has failed to offer evidentiary support for his motion because he attaches only his own "undisputed facts" and thus violates Federal Rule of Civil Procedure (FRCP) 56(c)(1) and that the motion is premature because there hasn't been adequate time to conduct discovery.[40] The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[41] The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[42] When the plaintiff bears the burden of proof at trial "[he] must come forward with evidence which would entitle [him] to a directed verdict if the evidence went uncontroverted at trial."[43] The plaintiff must establish "beyond controversy every essential element of [his]" claim in order to avoid trial and prevail on summary judgment.[44]

Summary judgment is unavailable to Smith because there exists a genuine material factual dispute about the central issue of his claim: whether he even received medical care. As

---

[40] ECF No. 47 at 3. FRCP 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). To prevail on a Rule 56(d) request, the movant must show: "(1) [that she] has set forth in affidavit form the specific facts [she] hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (referring to the previous iteration of the rule, which was FRCP 56(f)). Although Nash insists that there has not been adequate time for discovery, her opposition to Smith's motion for summary judgment fails to satisfy FRCP 56(d) because she has not provided the required affidavit.

[41] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[42] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[43] *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (cleaned up).

[44] *S. California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

discussed *supra*, Smith contends that he "has not been seen by medical for his spinal condition" and that Nash has "left him in pain, without a diagnosis, or any medical attention at all."[45] As recently as August 2021, Smith maintained that Nash "refused to help provide" medical care.[46] And in his complaint—which he filed after the x-rays and CT scan were performed—he states that he "has never been examined to this day for any of his injuries . . . ."[47] Nash rebuts these allegations with medical records showing that Smith was seen by numerous doctors for various medical reasons.[48] In Smith's summary-judgment motion, he seems to concede that x-rays were performed on him, but he argues that "[a]n x-ray cannot show a spinal injury such as Mr. Smith['s]" and "cannot show nerve damage or arthritis."[49] Viewed in the light most favorable to Nash as the non-moving party, there exist genuine disputes about whether Smith has a serious medical need and the nature and scope of the treatment he received, which must be resolved by a factfinder. And those disputes are material because they go right to the heart of the elements of Smith's claim.[50] Smith thus isn't entitled to summary judgment, so I deny his motion.

**III.     Smith need not rely on jurisdictional bases in addition to 42 U.S.C. § 1983.**

Lastly, Smith moves "to invoke further jurisdiction" under 42 U.S.C. §§ 1988, 1997, and 12101, et seq.[51] He notes that he "is among the disable[d] inmates within [the] Nevada Department of Corrections [(NDOC)] that has suffered the denial of services due to policies,

---

[45] ECF No. 13 at 3.
[46] ECF No. 54 at 3.
[47] ECF No. 11 at 6.
[48] *See* ECF No. 26-2; ECF No. 28-1; ECF No. 49-1.
[49] ECF No. 34 at 7.
[50] *Jett*, 439 F.3d at 1096.
[51] ECF No. 78.

practices, and procedures that promote discrimination on the basis of one's disability."[52]  He appears to reference a settlement agreement between the NDOC and the federal government and seemingly requests that I take judicial notice of it but doesn't explain why.[53]  Nash responds that "[t]his [c]ourt clearly has jurisdiction under 42 U.S.C. § 1983" and that because Smith hasn't invoked these additional statutes in the operative complaint, this motion should be denied.[54]

"Federal courts are courts of limited jurisdiction."[55]  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[56]  Smith's first-amended complaint presents the question of whether or not Nash violated his Eighth Amendment right to be free from cruel and unusual punishment.[57]  Smith's claim arises under 42 U.S.C. § 1983 because he alleges "a violation of his constitutional rights and show[s] that the defendant's actions were taken under color of state law."[58]  Because a single basis for federal-question jurisdiction is sufficient,[59] additional bases—such as the other statutes Smith cites in his motion—are unnecessary.  I therefore deny Smith's motion to invoke further jurisdiction.[60]

---

[52] *Id.* at 2–3.

[53] *Id.* at 3–4.

[54] ECF No. 81 at 2.

[55] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[56] *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)).

[57] ECF No. 11 at 3–14.

[58] *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001).

[59] *See* 28 U.S.C. § 1331.

[60] To the extent that Smith is trying to add new claims or theories of liability, he must first file a proper motion for leave to amend his complaint, and to such a motion he must attach a proposed draft amended complaint.

## Conclusion

IT IS THEREFORE ORDERED that the magistrate judge's R&R **[ECF No. 75] is ADOPTED in full** and that Willie T. Smith's objection to the R&R **[ECF No. 79] is OVERRULED**. IT IS FURTHER ORDERED that Smith's motions for a preliminary injunction and a temporary restraining order **[ECF Nos. 13, 14] are DENIED**.

IT IS FURTHER ORDERED that Smith's motion for summary judgment **[ECF No. 34] is DENIED**.

IT IS FURTHER ORDERED that Smith's motion to consolidate **[ECF No. 41] is DENIED as moot**.

IT IS FURTHER ORDERED that Smith's motion to invoke further jurisdiction **[ECF No. 78] is DENIED**.

U.S. District Judge Jennifer A. Dorsey
February 2, 2022