UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Willie T. Smith, | Case No.: 2:19-cv-01983-JAD-VCF |
| Plaintiff | |
| v. | **Order Overruling Objections and Affirming Magistrate Judge's Order** |
| J. Nash, | [ECF No. 90] |
| Defendant | |

Pro se plaintiff Willie Smith sues High Desert State Prison Associate Warden Jennifer Nash for deliberate indifference to his medical needs.[1] Smith alleges that Nash prevented him from receiving medical care for his spine and nerve pain, and he filed two motions, asking the court to appoint him counsel to help prove these allegations.[2] The magistrate judge denied his motions.[3] Smith objects to the orders, arguing that the magistrate judge misconstrued his argument and that he is entitled to counsel because his claim is meritorious and complex.[4] Because I find that the magistrate judge's ruling was not clearly erroneous or contrary to law, I overrule Smith's objections.

## Background

Smith alleges that in 2018 he fell and injured his head and spine, which left him with back and nerve pain.[5] He sent two requests for medical care for his injuries and—after not receiving care for two months—filed an administrative grievance against the High Desert State

---

[1] *See generally* ECF No. 5 (complaint).

[2] ECF No. 57 (first motion to appoint counsel); ECF No. 87 (second motion to appoint counsel).

[3] ECF No. 80 (first order); ECF No. 89 (second order).

[4] ECF No. 90 at 1–2, 4.

[5] ECF No. 15-1 at 6.

Prison (HDSP) medical department.[6] Smith claims that Assistant Warden Nash rejected his grievance.[7] In 2019, Smith brought this civil-rights action against Nash for deliberate indifference to his medical needs.[8] Two years later, Smith moved for appointment of counsel, arguing that his case is complex because Nash fraudulently misrepresented his medical records.[9]

After Smith filed that motion but before Nash responded, the magistrate judge held a hearing to address Smith's argument.[10] While the magistrate judge noted that he "didn't see anything in the medical records that supported" Smith's position,[11] he asked the parties to focus on the fraudulent-misrepresentation issue in their response and reply briefs.[12] A few months later, the magistrate judge denied Smith's motion to appoint counsel because Smith failed to support his claim that the medical records were fraudulent.[13] Smith then filed a second motion to appoint counsel, reiterating his previous arguments.[14] The magistrate judge denied that motion, too.[15] Smith objects to both orders.[16]

## Discussion

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is

---

[6] ECF No. 5 at 4.
[7] *Id.*
[8] *Id.* at 3–4.
[9] ECF No. 57-1 at 3–4.
[10] ECF No 75 at 6–9.
[11] *Id.* at 7.
[12] *Id.* at 8–9.
[13] ECF No. 80 at 2.
[14] *See generally* ECF No. 87.
[15] ECF No. 89 at 2.
[16] ECF No. 90.

clearly erroneous or contrary to law."[17]  This standard of review "is significantly deferential" to the magistrate judge's determination.[18]  A district court should overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[19] or a relevant statute, law, or rule has been omitted or misapplied.[20]

     Smith's motions to appoint counsel are governed by 28 U.S.C. § 1915(e)(1) and, although indigent civil-rights litigants like Smith do not have a constitutional right to appointed counsel, a court may "request an attorney to represent any person unable to afford counsel."[21]  But courts do so only in "exceptional circumstances."[22]  "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."[23]  "Neither of these considerations is dispositive and instead must be viewed together."[24]

     The magistrate judge denied Smith's motions because his contention that he needed counsel because Nash was fraudulently misrepresenting his medical records lacked support.[25]  Smith objects, arguing that he never claimed that the medical records were fraudulent.[26]  Smith

---

[17] L.R. IB 3-1(a).

[18] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for So. Cal.*, 508 U.S. 602, 623 (1993).

[19] *Id.* (internal quotation marks omitted).

[20] *See Grimes v. City and County of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[21] *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

[22] *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

[23] *Id.*

[24] *Id.*

[25] ECF No. 80 at 1.

[26] ECF No. 90 at 1–2.

3

contends that the only claim he presented was that "the medical records were being fraudulently misrepresented by the Defendant . . . ."[27] But in the orders denying Smith's motions, the magistrate judge considered this argument and still found that Smith did not provide any analysis to support his assertion.[28]

The magistrate judge first evaluated Smith's assertions from the hearing. There, Smith argued that Nash used a CT scan taken on May 19, 2021, to fraudulently misrepresent his spinal injuries because the May CT scan could only show injuries to his head and neck—not his spine.[29] The magistrate judge found that the medical records contradicted Smith's characterizations.[30] Nash produced evidence that Smith received many medical exams other than the May CT scan, including an x-ray of his lumbar spine.[31] She also attached a declaration from a doctor of osteopathy stating that CT scans can be used to diagnose all parts of the body, including the spine.[32] Because Smith "provide[d] no rebuttal to these facts," the magistrate judge denied his motion.[33] Smith does not demonstrate that the magistrate judge's conclusions were erroneous when he held that Smith's fraudulent-misrepresentation argument did not warrant the appointment of counsel. So I affirm the order and overrule Smith's objection.

Smith's additional arguments for the appointment of counsel are also unavailing. He contends that he has a likelihood of success on the merits because his claim has survived

---

[27] *Id.* at 2–3.
[28] ECF No. 80 at 1–2.
[29] *Id.* at 2; ECF No. 75 at 6–7 (hearing transcript).
[30] ECF No. 80 at 2.
[31] *Id.*; ECF No. 28-1 at 7 (sealed medical records).
[32] ECF No. 68 at 5 (response); ECF No. 68-1 at 2 (declaration).
[33] ECF No. 80 at 2.

screening.[34]  Nash responds that Smith's claim lacks merit because the medical records and other evidence show that Smith received treatment and that Nash did not fraudulently represent Smith's medical records.[35]  As I found in a previous order, Smith hasn't shown a likelihood of success on the merits of his deliberate-indifference claim.[36]  The records demonstrate that medical staff conducted many exams of Smith's upper body, including two CT scans of Smith's cervical spine (neck) and an x-ray of his lumbar spine (back).[37]  And no medical doctor recommended that Smith should receive follow-up care for his alleged spinal injury.[38]  Because Smith's objections do not provide additional facts or arguments that alter my assessment of his deliberate-indifference claim, I find that Smith has not shown a likelihood of success on the merits that is sufficient to warrant the appointment of counsel.

Smith has also failed to show that his claim is complex and he cannot properly articulate it on his own.  Smith argues that his claim is complex "due to the fraudulent misrepresentation of the medical records."[39]  But as the magistrate judge properly concluded, that assertion is not supported by the record.[40]  So Smith's fraudulent-misrepresentation argument does not make his case complex.  If Smith still believes that medical records are missing, he should file the appropriate discovery motions to obtain those documents.[41]

---

[34] ECF No. 87 at 5 (second motion to appoint counsel).

[35] ECF No. 68 at 4–5.

[36] ECF No. 83 at 1.

[37] *Id.* at 3 (citing ECF No. 49-1 at ¶¶ 4, 7–8); *see also* ECF No. 28-1 at 1–18 (sealed medical records).

[38] ECF No. 83 at 3 (citing ECF No. 49-1 at ¶¶ 4, 7–8).

[39] ECF No. 57-1 at 4.

[40] *See supra* pp. 4–5.

[41] *See* Fed. R. Civ. Pro. 37.

Smith also argues that he cannot adequately articulate his claim because he has a fourth-grade education and limited access to legal resources.[42] But the Ninth Circuit has recognized that these are general difficulties that all pro se litigants may face, so they do not indicate exceptional circumstances.[43] Smith has demonstrated that he is capable of articulating his claims and engaging with the legal process thus far, and he does not suggest that he is incapable of doing the same going forward. So while I empathize with Smith's challenges, I find that they are not exceptional circumstances that warrant the appointment of counsel.

Smith also argues that he will need a medical expert to show that his treatment fell below the applicable standard of care.[44] But Smith hasn't shown that there is a need for a medical expert at this stage of the proceedings. In Nash's recently filed summary-judgment motion, she argues that she did not personally participate in Smith's medical care and the medical records revealed no "objectively serious medical need."[45] Neither of these arguments involves a dispute about the applicable standard of care. So Smith's insistence that he needs a medical expert does not demonstrate exceptional circumstances.

---

[42] ECF No. 57-1 at 5; ECF No. 57-2 at 3.

[43] *Wood v. Housewright*, 900 F.2d 1332, 1336 (9th Cir. 1990) (finding that the plaintiff's lack of legal education and limited access to the law library did not indicate exceptional circumstances that warranted the appointment of counsel).

[44] ECF No. 87 at 2.

[45] ECF No. 91 at 8–13.

**Conclusion**

IT IS THEREFORE ORDERED that Smith's objection **[ECF No. 90] is OVERRULED** and the magistrate judge's orders denying Smith's motions for appointment of counsel **[ECF Nos. 80, 89] are AFFIRMED.**

_____
U.S. District Judge Jennifer A. Dorsey
October 7, 2022